Richmond.

## BRENT'S ADM'R v. CLEVINGER AND ALS.

November 15th, 1883.

1. PERSONAL REPRESENTATIVES—*War interest.*—Administrator residing during the late war in Winchester, is not liable for interest on funds of the estate in his hands during that period. *Lacy* v. *Stamper and als.,* 27 Gratt. 42.

2. IDEM—*Commissions.*—Under the circumstances an administrator there residing, is entitled to be allowed commissions during the period of the war.

3. IDEM—*Idem.*—Act of 1st March, 1867, authorizes the allowance or the refusal of commissions to a fiduciary after failure to settle his accounts, but does not invest the court with an arbitrary, but with only a sound judicial discretion, subject to review in an appellate court. Code 1873, ch. 128, § 9.

Argued at Staunton, but decided at Richmond.

Appeal from decree of circuit court of Frederick county pronounced 9th June, 1882, in the chancery cause wherein James Clevinger and others, devisees of Felix Roberts, deceased, were complainants, and H. M. Brent, executor of said Roberts, was defendant.

The opinion states the facts.

*R. T. Barton,* for the appellant.

*Holmes Conrad,* for the appellees.

LACY, J., delivered the opinion of the court.

Felix Roberts died in February, 1859, in the county of Frederick, and appellant's intestate, Henry M. Brent, qual-

ified as his executor the same month.   In January, 1873, suit was instituted in the said circuit court against the said Brent, by the appellees, as the devisees and legatees under the will of the said Felix Roberts, and as his heirs at law and next of kin, to procure a settlement of the estate of the said Roberts, and for distribution of the same.   The said Brent died in 1875, and the appellant qualified as his administrator.

In the progress of the suit, the transactions of the said Brent as executor were settled and the balances ascertained.   On the 9th of June, 1882, the circuit court decided that the estate of the said Brent should not be released from the interest accrued during the period of the late war upon money in his hands as executor of said Roberts, and decreed against the appellant, as administrator of said Brent, the payment of the balances thus ascertained to be due to the appellees.

From this decree the appellant applied to this court for an appeal, which was allowed.   The appellant insists that the estate of said Brent should not be charged with what is termed war interest under the circumstances of this case.   The facts were agreed between the parties as to the conditions of things existing in Winchester during the period of the war, as follows:

That from April 17th, 1861, to April 17th, 1865, the war between the United States and the Confederate States was raging; that Winchester was in the midst of the active hostilities, and that nearly all business was suspended; that the condition of property of all sorts was very precarious, and that it was almost impossible to make investments that would be safe or bear interest.   From April 17th, 1861, to March 11th, 1862, Winchester and vicinity was in possession of the Confederate troops, and except so far as intercourse north of that point was concerned the ordinary business of the country was carried on.   Currency

had not much depreciated, and investments were about as
easily made as could be in any country engaged in war on
the border of the enemy's country, but not invaded nor in
any probable expectation of invasion.

Under the circumstances of this case, the circuit court
charged the estate of the executor Brent with interest on
the money in his hands belonging to the estate of Felix
Roberts, deceased, during the period of the war, and this
is the error complained of by the appellant here.

In the case of *Lacy* v. *Stamper*, 27 Gratt. 65, this court
said : " The condition of things in the county of New Kent
and the rest of the Peninsula during the war was such as
to render it extremely difficult, if not impossible, to make
money productive of any interest during that period ; and
the majority of the court consider that it would be too
harsh to subject a fiduciary residing in that locality during
that period, and his sureties, to the payment not only of
the principal, but also of the interest during that period,
of a debt not collected by him, but lost by his default in
not collecting it." The county of New Kent was, as the
evidence in that case shows, not held in actual occupation
by either of the contending armies after July, 1862, but
was in the line of march often of the troops on both sides,
and remained a sort of border land after that time until
the close of the war, during which time courts were seldom
held, and no regular business transacted, and few invest-
ments of any sort made.

It appears from this record that the condition of Win-
chester, and of the county of Frederick, was very similar
during the war to that of New Kent. Both counties were
upon the border, each the subject of alternate raids from
both armies, and were subject to the domination of bands
of scouts, with attendant deeds of violence and bloodshed
sufficient to keep both counties in a state of insecurity and
terror ; and as we have seen, this court, in *Lacy* v. *Stamper*,

*supra,* held that an executor, living in New Kent, should not be held liable for war interest. The distinction sought to be drawn by the appellee between money in the hands of the executor during the period of the war, and money with which the court held the executor liable as lost by his failure to secure it against the hazards of the times, we think cannot be maintained.

The rule established in *Lacy* v. *Stamper,* stated above, was observed in all subsequent cases which came to this court from the circuit court of New Kent on appeal.

In the case of *Bailey* v. *Garnett,* decided by this court, but not reported, the court below disallowed war interest, and this court affirmed the case on that point, though it was reversed upon others. In the case of *Stamper* v. *Garnett,* 31 Gratt. 550, the same rule was followed, and that case was reversed upon a different ground. In the case of *Vaiden* v. *Stubblefield,* 28 Gratt. 153, which was an appeal from another border county, war interest was disallowed by this court.

We think the circuit court erred in charging the estate of the executor with war interest under the circumstances which surrounded Winchester and vicinity during the period of the war. This case comes within the ruling of this court in *Lacy* v. *Stamper, supra,* and the other cases cited above, and the decree complained of must be reversed.

The appellee assigns as error herein that the circuit court allowed the executor commissions during the period of the war. The law denounces the forfeiture of commissions against a fiduciary for a failure to settle his accounts each year; in this case, for reasons already stated, it was impossible for the executor to so settle his accounts; there were no courts and no commissioners doing business in that country at that time, and it was a time of general suspension of all court business, and it was equitable and just not to decree a forfeiture when there was no default. Com-

missions were disallowed by the circuit court on all re-
ceipts between March 2, 1866, and March 2, 1867, but com-
missions were allowed on all receipts after March 1, 1867.
By the act of March 1st, 1867, the court was authorized to
allow commissions on receipts in a proper case, and the
case of *Brent's Ex'or* v. *Senseney,* with attendant circum-
stances like those in this case, with the same appellant,
and coming from the same locality, came before this court,
and the circuit court was reversed for its refusal to allow
commissions to this executor; in that case this court hold-
ing that the act above cited placed the matter within the
discretion of the court to refuse or to allow commissions,
as may appear right and just in each particular case; but
that it was not intended that this discretion should be ar-
bitrarily exercised, but that the act invests the court with
the exercise of a sound discretion, which is the subject of
review in an appellate court.

And further, the court said: "We think that under the
peculiar circumstances of this case, the executor was enti-
tled to commissions from March, 1867, instead of June,
1870, and the circuit court, in the exercise of a sound dis-
cretion, ought to have allowed the same."

In that case, as in this, the executor entered upon the
duties of his office just before the commencement of the
late civil war. The will was an elaborate one, imposing
peculiar duties and trusts; the estate was a large one; the
record shows fidelity and integrity.

The court in that case says further: "It must be remem-
bered that this large estate was administered during extra-
ordinary times—it was administered amid the storms of
civil war and the conflict of contending armies. Winches-
ter (the residence of the executor, and where the personal
and real estate of the testator were situated) unfortunately
lay in the line of march of both armies, and was the gate-
way of that rich and beautiful valley which both armies

were seeking, during the whole unhappy struggle, to occupy and hold. Winchester was held alternately by Confederate and Federal armies, but oftener and longer by the latter, and the executor was entitled to all the commissions which may be lawfully allowed him"; and declared the opinion that if there ever was a case in which a court could be justified, and in the exercise of a sound discretion *required*, to allow the executor all the compensation, by way of commissions, which was lawful, it was that case. That case and this are similar and so nearly the same upon these points, that we think the circuit court in this case did not err in following the ruling of this court in that case, and properly allowed to the executor the commissions allowed herein, and the assignments of error by the appellee upon this point are overruled, and the decree of the circuit court in so far affirmed.

But for reasons stated above we are of opinion to reverse and remand the cause to the said circuit court of Frederick to disallow the interest accrued during the period of the war

The decree was as follows:

This cause, which is pending in this court at its place of session at Staunton, having been heard but not determined at said place of session, this day came here the parties by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree of the circuit court in allowing to appellant's intestate's estate commissions on the receipts of H. M. Brent as executor of Felix Roberts; but that the decree aforesaid, pronounced by the said circuit court of Frederick on the 18th day of June, 1881, in so far as it charged

the estate of H. M. Brent, deceased, with interest on the amounts held in his hands during the period from April 17, 1861, to April 17, 1865, belonging to the estate of Felix Roberts, deceased, is in conflict with the opinion of this court hereinbefore expressed, and is erroneous

Therefore it is decreed and ordered, that the said decree of June 18th, 1881, in so far as it charges war interest as aforesaid between the 17th of April, 1861, and the 17th of April, 1865, be reversed and annulled, and that the appellant recover against the appellees his costs by him expended in the prosecution of the appeal aforesaid, and this cause is remanded to the said circuit court, with directions to that court to take such further proceedings in the cause as may be necessary and proper in order to a final decree, in conformity with the opinion and principle hereinbefore expressed and declared. And it is further ordered that this order be entered on the order-book here, and forthwith certified to the clerk of this court at Staunton, who shall enter the same on his order-book.

All of which is ordered to be certified to the said circuit court of Frederick county.

RICHARDSON, J., dissented.

DECREE REVERSED IN PART AND AFFIRMED IN PART.